**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT DOWDY HAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:23-cv-01325-LCB** |
| | ) | |
| **ERIC PURYEAR, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Eric Puryear and Hunter White ("Defendants") respond to

Plaintiff's Complaint (Doc. 1), as follows:

## I.    INTRODUCTION

1.    Paragraph 1 contains only legal averments, not factual allegations

requiring a response from the Defendants.  To the extent a response is required,

Defendants admit that the statements regarding the Fourth Amendment in Paragraph

1 speaks for itself and denies any inconsistent allegations therewith.

2.    Paragraph 2 contains only legal averments, not factual allegations

requiring a response from the Defendants.  To the extent a response is required,

Defendants believe the statements speaks for itself and denies any inconsistent

allegations therewith.

3. Defendants admit Plaintiff asserts claims against the Defendants in Paragraph 3 related to an unconstitutional stop, arrest, use of excessive force, and failure to intervene; but denies Plaintiff's claims against Defendants are valid. Defendants further deny that they violated any law or committed any wrongdoing. Strict proof is demanded thereof.

4. Defendants deny the factual allegations contained in Paragraph 4 of Plaintiff's Complaint. Strict proof is demanded thereof.

## II.  <u>JURISDICTION AND VENUE</u>

5. Paragraph 5 contains legal conclusions which do not require a response from the Defendants. To the extent a response is required, Defendants admit they are not challenging this Court has jurisdiction.

6. Paragraph 6 contains legal conclusions which do not require a response from the Defendants. To the extent a response is required, Defendants admit they are not challenging this Court is the proper venue.

## III.  <u>PARTIES</u>

7. Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8. Admitted.

9. Admitted.

## IV.   STATEMENT OF FACTS

10.     Admitted.

11.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 11, including all subparts.

12.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 12.

13.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 13.

14.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 14.

15.     Defendants expressly deny the factual allegations contained in Paragraph 15 of Plaintiff's Complaint.  Strict proof is demanded thereof.

16.     Defendants expressly deny the factual allegations contained in Paragraph 16 of Plaintiff's Complaint.  Strict proof is demanded thereof.

17.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 17.

18.     Defendants expressly deny the factual allegations contained in Paragraph 18 of Plaintiff's Complaint.  Strict proof is demanded thereof.

19.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 19.

20.     Defendants expressly deny the factual allegations contained in Paragraph 20 of Plaintiff's Complaint. Strict proof is demanded thereof.

21.     Defendants expressly deny the factual allegations contained in Paragraph 21 of Plaintiff's Complaint. Strict proof is demanded thereof.

22.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 22.

23.     Defendants expressly deny the factual allegations contained in Paragraph 23 of Plaintiff's Complaint. Strict proof is demanded thereof.

24.     Defendants expressly deny the factual allegations contained in Paragraph 24 of Plaintiff's Complaint. Strict proof is demanded thereof.

25.     Defendants expressly deny the factual allegations contained in Paragraph 25 of Plaintiff's Complaint. Strict proof is demanded thereof.

26.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 26.

27.     Defendants expressly deny the factual allegations contained in Paragraph 27 of Plaintiff's Complaint. Strict proof is demanded thereof.

28.     Defendants expressly deny the factual allegations contained in Paragraph 28 of Plaintiff's Complaint. Strict proof is demanded thereof.

29.     Defendants expressly deny the factual allegations contained in Paragraph 29 of Plaintiff's Complaint. Strict proof is demanded thereof.

30. Defendants expressly deny the factual allegations contained in Paragraph 30 of Plaintiff's Complaint. Strict proof is demanded thereof.

31. Defendants expressly deny the factual allegations contained in Paragraph 31 of Plaintiff's Complaint. Strict proof is demanded thereof.

32. Defendants expressly deny the factual allegations contained in Paragraph 32, including all subparts, of Plaintiff's Complaint. Strict proof is demanded thereof.

33. Defendants expressly deny the factual allegations contained in Paragraph 33 of Plaintiff's Complaint. Strict proof is demanded thereof.

34. Defendants expressly deny the factual allegations contained in Paragraph 34 of Plaintiff's Complaint. Strict proof is demanded thereof.

35. Defendants expressly deny the factual allegations contained in Paragraph 35 of Plaintiff's Complaint. Strict proof is demanded thereof.

36. Defendants expressly deny the factual allegations contained in Paragraph 36 of Plaintiff's Complaint. Strict proof is demanded thereof.

37. Defendants expressly deny the factual allegations contained in Paragraph 37 of Plaintiff's Complaint. Strict proof is demanded thereof.

38. Defendants expressly deny the factual allegations contained in Paragraph 38 of Plaintiff's Complaint. Strict proof is demanded thereof.

39.     Defendants expressly deny the factual allegations contained in Paragraph 39 of Plaintiff's Complaint.  Strict proof is demanded thereof.

40.     Defendants expressly deny the factual allegations contained in Paragraph 40 of Plaintiff's Complaint.  Strict proof is demanded thereof.

41.     Defendants expressly deny the factual allegations contained in Paragraph 41 of Plaintiff's Complaint.  Strict proof is demanded thereof.

42.     Defendants expressly deny the factual allegations contained in Paragraph 42 of Plaintiff's Complaint.  Strict proof is demanded thereof.

43.     Defendants expressly deny the factual allegations contained in Paragraph 43 of Plaintiff's Complaint.  Strict proof is demanded thereof.

44.     Defendants expressly deny the factual allegations contained in Paragraph 44 of Plaintiff's Complaint.  Strict proof is demanded thereof.

45.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 45.

46.     Defendants expressly deny the factual allegations contained in Paragraph 46 of Plaintiff's Complaint.  Strict proof is demanded thereof.

47.     Admitted.

48.     Paragraph 48 contains only legal averments, not factual allegations requiring a response from the Defendants.  To the extent a response is required,

Defendants admits the code section speaks for itself and denies any inconsistent allegations therewith.

49.     Defendants expressly deny the factual allegations contained in Paragraph 49 of Plaintiff's Complaint.  Strict proof is demanded thereof.

50.     Defendants expressly deny the factual allegations contained in Paragraph 50 of Plaintiff's Complaint.  Strict proof is demanded thereof.

51.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 51.

52.     Defendants expressly deny the factual allegations contained in Paragraph 52 of Plaintiff's Complaint.  Strict proof is demanded thereof.

53.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 53.

54.     Defendants expressly deny the factual allegations contained in Paragraph 54 of Plaintiff's Complaint.  Strict proof is demanded thereof.

55.     Defendants admit that Defendant Puryear was indicted for assault, 2nd degree, relating to the incident involving Plaintiff.  Defendants are without sufficient information to admit or deny the remaining allegations as stated against them in Paragraph 55 and demands strict proof of same.

56.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 56.

# V.   CAUSES OF ACTION

## FEDERAL CLAIMS

### A.   COUNT I: VIOLATIONS OF U.S. CONST., AMEND IV, THROUGH 42 U.S.C. §1983 (UNLAWFUL INVESTIGATORY STOP)

57.   Defendants admit that Plaintiff alleges Fourth Amendment violations against Defendants, but expressly denies that they committed any of Plaintiff's allegations.  Strict proof is demanded thereof.

58.   Defendants reassert and incorporate by reference each and every previous response as if specifically set forth herein.

59.   Paragraph 59 seeks a legal conclusion, not factual allegations requiring a response from the Defendants.  To the extent a response is required, Defendants admits that individuals, including the Plaintiff, have a right to be free from investigatory stops by law enforcement when there is no reasonable articulable suspicion and denies any inconsistent allegations therewith.

60.   Admitted.

61.   Defendants expressly deny the factual allegations contained in Paragraph 61 of Plaintiff's Complaint.  Strict proof is demanded thereof.

62.   Defendants expressly deny the factual allegations contained in Paragraph 62 of Plaintiff's Complaint.  Strict proof is demanded thereof.

63.   Defendants expressly deny the factual allegations contained in Paragraph 63 of Plaintiff's Complaint.  Strict proof is demanded thereof.

64.	Defendants expressly deny the factual allegations contained in Paragraph 64 of Plaintiff's Complaint.  Strict proof is demanded thereof.

65.	Defendants expressly deny the factual allegations contained in Paragraph 65 of Plaintiff's Complaint.  Strict proof is demanded thereof.

66.	Defendants expressly deny the factual allegations contained in Paragraph 66 of Plaintiff's Complaint.  Strict proof is demanded thereof.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to any damages or relief whatsoever, whether monetary damages, punitive damages, attorney's fees, injunctive relief, declaratory judgment, or any other equitable relief.  Defendants expressly deny that they violated Plaintiff's constitutional rights or any federal law, on any occasion whatsoever.

## B.	COUNT II: VIOLATIONS OF U.S. CONST., AMEND. IV, THROUGH 42 U.S.C. §1983 (UNLAWFUL ARREST)

67.	Defendants admit that Plaintiff alleges Fourth Amendment violations against Defendants, but expressly denies that they committed any of Plaintiff's allegations.  Strict proof is demanded thereof.

68.	Defendants reassert and incorporate by reference each and every previous response as if specifically set forth herein.

69.	Paragraph 69 seeks a legal conclusion, not factual allegations requiring a response from the Defendants.  To the extent a response is required, Defendants

admits that an arrest requires probable cause and denies any inconsistent allegations therewith.

70.    Paragraph 70 seeks a legal conclusion, not factual allegations requiring a response from the Defendants.  To the extent a response is required, Defendants admits that probable cause exists when a law enforcement officer believes there is a substantial chance of criminal activity and denies any inconsistent allegations therewith.

71.    Defendants expressly deny the factual allegations contained in Paragraph 71 of Plaintiff's Complaint.  Strict proof is demanded thereof.

72.    Defendants expressly deny the factual allegations contained in Paragraph 72 of Plaintiff's Complaint.  Strict proof is demanded thereof.

73.    Paragraph 73 seeks a legal conclusion, not factual allegations requiring a response from the Defendants.  To the extent a response is required, Defendants admits that arresting an individual without probable cause is a violation of the individual's Fourth Amendment rights and denies any inconsistent allegations therewith.

74.    Defendants expressly deny the factual allegations contained in Paragraph 74 of Plaintiff's Complaint.  Strict proof is demanded thereof.

75.    Defendants expressly deny the factual allegations contained in Paragraph 75 of Plaintiff's Complaint.  Strict proof is demanded thereof.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to any damages or relief whatsoever, whether monetary damages, punitive damages, attorney's fees, injunctive relief, declaratory judgment, or any other equitable relief. Defendants expressly deny that they violated Plaintiff's constitutional rights or any federal law, on any occasion whatsoever.

### C. COUNT III: VIOLATIONS OF U.S. CONST., AMEND. IV, THROUGH 42 U.S.C. §1983 (UNLAWFUL SEARCH)

76. Defendants admit that Plaintiff alleges Fourth Amendment violations against Defendants, but expressly denies that they committed any of Plaintiff's allegations. Strict proof is demanded thereof.

77. Defendants reassert and incorporate by reference each and every previous response as if specifically set forth herein.

78. Defendants expressly deny the factual allegations contained in Paragraph 78 of Plaintiff's Complaint. Strict proof is demanded thereof.

79. Defendants expressly deny the factual allegations contained in Paragraph 79 of Plaintiff's Complaint. Strict proof is demanded thereof.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to any damages or relief whatsoever, whether monetary damages, punitive damages, attorney's fees, injunctive relief, declaratory judgment, or any other equitable relief. Defendants expressly deny that they violated Plaintiff's constitutional rights or any federal law, on any occasion whatsoever.

**D. COUNT IV: VIOLATIONS OF U.S. CONST., AMEND. IV, THROUGH 42 U.S.C. §1983 (USE OF EXCESSIVE FORCE)**

80. Defendants admit that Plaintiff alleges Fourth Amendment violations against Defendants, but expressly denies that they committed any of Plaintiff's allegations. Strict proof is demanded thereof.

81. Defendants reassert and incorporate by reference each and every previous response as if specifically set forth herein.

82. Paragraph 82 seeks a legal conclusion, not factual allegations requiring a response from the Defendants. To the extent a response is required, Defendants admits that the use of force when there is no immediate threat is a violation of an individual's rights and denies any inconsistent allegations therewith.

83. Defendants expressly deny the factual allegations contained in Paragraph 83 of Plaintiff's Complaint. Strict proof is demanded thereof.

84. Defendants expressly deny the factual allegations contained in Paragraph 84 of Plaintiff's Complaint. Strict proof is demanded thereof.

85. Defendants expressly deny the factual allegations contained in Paragraph 85 of Plaintiff's Complaint. Strict proof is demanded thereof.

86. Defendants expressly deny the factual allegations contained in Paragraph 86 of Plaintiff's Complaint. Strict proof is demanded thereof.

87. Defendants expressly deny the factual allegations contained in Paragraph 87 of Plaintiff's Complaint. Strict proof is demanded thereof.

88.    Defendants expressly deny the factual allegations contained in Paragraph 88 of Plaintiff's Complaint.  Strict proof is demanded thereof.

89.    Defendants expressly deny the factual allegations contained in Paragraph 89 of Plaintiff's Complaint.  Strict proof is demanded thereof.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to any damages or relief whatsoever, whether monetary damages, punitive damages, attorney's fees, injunctive relief, declaratory judgment, or any other equitable relief.  Defendants expressly deny that they violated Plaintiff's constitutional rights or any federal law, on any occasion whatsoever.

### E.    COUNT V: VIOLATIONS OF U.S. CONST., AMEND. IV, THROUGH 42 U.S.C. §1983 (FAILURE TO INTERVENE TO PROTECT CONSTITUTIONAL RIGHTS)

90.    Defendants admit that Plaintiff alleges Fourth Amendment violations against Defendants, but expressly denies that they committed any of Plaintiff's allegations.  Strict proof is demanded thereof.

91.    Paragraph 91 seeks a legal conclusion, not factual allegations requiring a response from the Defendants.  To the extent a response is required, Defendants admits that law enforcement officers have a duty to intervene when an individual's constitutional rights are being violated and denies any inconsistent allegations therewith.

92. Defendants reassert and incorporate by reference each and every previous response as if specifically set forth herein.

93. Defendants expressly deny the factual allegations contained in Paragraph 93 of Plaintiff's Complaint. Strict proof is demanded thereof.

94. Defendants expressly deny the factual allegations contained in Paragraph 94 of Plaintiff's Complaint. Strict proof is demanded thereof.

95. Defendants expressly deny the factual allegations contained in Paragraph 95 of Plaintiff's Complaint. Strict proof is demanded thereof.

96. Defendants expressly deny the factual allegations contained in Paragraph 96 of Plaintiff's Complaint. Strict proof is demanded thereof.

97. Defendants expressly deny the factual allegations contained in Paragraph 97 of Plaintiff's Complaint. Strict proof is demanded thereof.

98. Defendants expressly deny the factual allegations contained in Paragraph 98 of Plaintiff's Complaint. Strict proof is demanded thereof.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to any damages or relief whatsoever, whether monetary damages, punitive damages, attorney's fees, injunctive relief, declaratory judgment, or any other equitable relief. Defendants expressly deny that they violated Plaintiff's constitutional rights or any federal law, on any occasion whatsoever.

# STATE CLAIMS

**F.     Count VI: Assault and Battery (Against Puryear)**

99.    Paragraph 99 of the Amended Complaint contains only legal averments, not factual allegations requiring a response from the Defendant.

100.    Defendants reassert and incorporate by reference each and every previous response as if specifically set forth herein.

101.    Defendants expressly deny the factual allegations contained in Paragraph 101 of Plaintiff's Complaint. Strict proof is demanded thereof.

102.    Defendants expressly deny the factual allegations contained in Paragraph 102 of Plaintiff's Complaint. Strict proof is demanded thereof.

103.    Defendants expressly deny the factual allegations contained in Paragraph 103 of Plaintiff's Complaint. Strict proof is demanded thereof.

104.    Defendants are without sufficient information to admit or deny the factual allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.    Defendants expressly deny the factual allegations contained in Paragraph 105 of Plaintiff's Complaint. Strict proof is demanded thereof.

106.    Defendants expressly deny the factual allegations contained in Paragraph 106 of Plaintiff's Complaint. Strict proof is demanded thereof.

107.    Defendants expressly deny the factual allegations contained in Paragraph 107 of Plaintiff's Complaint. Strict proof is demanded thereof.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to any damages or relief whatsoever, whether monetary damages, punitive damages, attorney's fees, injunctive relief, declaratory judgment, or any other equitable relief.  Defendants expressly deny that they violated Plaintiff's constitutional rights or any federal law, on any occasion whatsoever.

### G.     COUNT VI:  FALSE IMPRISONMENT

108.   Paragraph 108 of the Amended Complaint contains only legal averments, not factual allegations requiring a response from the Defendant.

109.   Defendants reassert and incorporate by reference each and every previous response as if specifically set forth herein.

110.   Defendants expressly deny the factual allegations contained in Paragraph 110 of Plaintiff's Complaint.  Strict proof is demanded thereof.

111.   Defendants expressly deny the factual allegations contained in Paragraph 111 of Plaintiff's Complaint.  Strict proof is demanded thereof.

112.   Defendants expressly deny the factual allegations contained in Paragraph 112 of Plaintiff's Complaint.  Strict proof is demanded thereof.

113.   Defendants expressly deny the factual allegations contained in Paragraph 113 of Plaintiff's Complaint.  Strict proof is demanded thereof.

114.   Defendants expressly deny the factual allegations contained in Paragraph 114 of Plaintiff's Complaint.  Strict proof is demanded thereof.

115. Defendants expressly deny the factual allegations contained in Paragraph 115 of Plaintiff's Complaint. Strict proof is demanded thereof.

116. Defendants expressly deny the factual allegations contained in Paragraph 116 of Plaintiff's Complaint. Strict proof is demanded thereof.

117. Defendants expressly deny the factual allegations contained in Paragraph 117 of Plaintiff's Complaint. Strict proof is demanded thereof.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to any damages or relief whatsoever, whether monetary damages, punitive damages, attorney's fees, injunctive relief, declaratory judgment, or any other equitable relief. Defendants expressly deny that they violated Plaintiff's constitutional rights or any federal law, on any occasion whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiff's Complaint, and its component parts, separately and severally, fail to state a cause of action under any Amendments to the United States Constitution or under 42 U.S.C. § 1983.

### SECOND DEFENSE

The Plaintiff's claims are due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and ALA. R. CIV. P. 12(b) including lack of jurisdiction, insufficiency of

process, insufficiency of service of process, and failure to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff is not entitled to any relief or damages requested in the Complaint and under 42 U.S.C. § 1983.

## FOURTH DEFENSE

Plaintiff is not entitled to punitive damages against Defendants.

## FIFTH DEFENSE

In their official capacity, Defendants are entitled to Eleventh Amendment immunity from the Plaintiff's claims for any money damages.

## SIXTH DEFENSE

In their individual capacity, Defendants are entitled to qualified immunity from the Plaintiff's claims.

## SEVENTH DEFENSE

Defendants assert all privileges and additional doctrines of immunities provided to Defendants as a state official, employee, and/or actor including, but not limited to sovereign immunity, absolute immunity, good faith immunity, discretionary function immunity, state action immunity, legislative immunity, judicial immunity, quasi-judicial immunity, substantive immunity, and statutory immunity.

## EIGHTH DEFENSE

To the extent the Plaintiff alleges that he has suffered damage, any such damages were not a direct or proximate cause of any action by Defendants.

## NINTH DEFENSE

To the extent Plaintiff has not complied with all requirements under Alabama and/or Federal law necessary as a condition precedent to the maintenance of this lawsuit, Plaintiff's claims should be dismissed.

## TENTH DEFENSE

To the extent Plaintiff may have failed to exhaust administrative remedies prior to bringing this action, Plaintiff's claims should be dismissed.

## ELEVENTH DEFENSE

Subjecting Defendants to punitive damages in this case or affirming an award of punitive damages would violate the *United States Constitution*, as well as the *Constitution of Alabama*.  Furthermore, Defendants adopt all defenses made available under the decision rendered by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 809 (1996), and its progeny.

## TWELFTH DEFENSE

The award of punitive damages as claimed by Plaintiff violates Article I and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments of the United

States Constitution and Article I, § 6, of the Alabama Constitution of 1901 on the

following separate and several grounds:

a. The civil procedures pursuant to which punitive damages are awarded may wrongfully result in a punishment by a punitive damages award after the fact.

b. The civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

c. The civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

d. The civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant.

e. The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

f. The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

g. The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

h. The civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

i. The civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

j. The civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to punitive damages in the

same proceedings during which liability and compensatory damages are determined.

k.    The standards of conduct upon which punitive damages are awarded are vague.

l.    The civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

m.    The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof that is not heightened in relation to the standard of proof for ordinary civil cases.

n.    The civil procedures pursuant to which punitive damages are awarded permit the imposition or arbitrary, capricious, or oppressive penalties.

o.    The civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury in the award of punitive damages.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because the Defendants did not act with exhibited deliberate indifference.

## FOURTEENTH DEFENSE

The Defendants have acted in good faith and in compliance with the United States Constitution at all times.

## FIFTEENTH DEFENSE

To the extent that Plaintiff's alleged damages, if any, were the result of Plaintiff's own failure to take advantage of preventative or corrective opportunities, Plaintiff's claims should be dismissed.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because Defendants did not breach any duty allegedly owed to Plaintiff.

## SEVENTEENTH DEFENSE

Plaintiff is unable to establish any causal connection, legal or proximate, between any action or inaction of the Defendants and any purported injury or damages alleged in Plaintiff's Complaint or for which relief is sought.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1) (2005).

## NINETEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

## TWENTIETH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of risk.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred because the apparent equitable relief sought is not sufficiently narrowly drawn. 18 U.S.C. § 3626(a)(1)(A) (2005).

## TWENTY-THIRD DEFENSE

To the extent Plaintiff seeks to recover attorneys' fees, the Defendants object to any and all such requests for fees that are not asserted in the Complaint or otherwise approved by court order.

## TWENTY-FOURTH DEFENSE

Plaintiff is unable to establish that Defendants' actions, omissions, policies, or customs caused any of Plaintiff's purported damages and/or injuries alleged in Plaintiff's Complaint or for which relief is sought.

## TWENTY-FIFTH DEFENSE

Defendants did not authorize, condone, or ratify any alleged unconstitutional conduct, and any such conduct would have been contrary to the Defendants' policies.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are due to be dismissed pursuant to Ala. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction. Article I, § 14 of the Alabama Constitution grants Defendants absolute immunity from Plaintiff's claims because Defendants were acting within the line and scope of their employment and performing duties and responsibilities as a deputy sheriff.

## TWENTY-SEVENTH DEFENSE

Defendants plead without waiver all defenses available under ALA. R. CIV. P. 12(b), including lack of jurisdiction, insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief may be granted as to one or more Counts as set forth in the Complaint.

## TWENTY-EIGHTH DEFENSE

Defendants aver that certain damages claimed by Plaintiff are unreasonably speculative.

## TWENTY-NINTH DEFENSE

Defendants aver that Plaintiff has failed to state a proper basis to support a claim of wantonness and/or an award of punitive damages.

## THIRTIETH DEFENSE

Any award of punitive damages in this case would violate the constitutional safeguards provided under the Constitution of the United States and the Constitution of the State of Alabama in that the determination of such damages under the applicable state law is vague, is not based on any objective standards, and is not rationally related to legitimate government interests.

## THIRTY-FIRST DEFENSE

Plaintiff's claims for punitive damages violate due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution in that:

(a)    there is no requirement that punitive damages be reasonably proportionate to any element of compensatory damages;

(b)    review of punitive damage awards for excessiveness without objective proportionality requirements and other objective requirements is wholly personal and subjective;

(c)    punitive damages instructions insufficiently inform the jury as to the nature and purpose of punitive damages and the instructions are not saved by a post-trial review at the trial and/or appellate levels;

(d)    the preponderance of the evidence standard, where applicable, is not high enough to satisfy due process where a defendant faces a punitive damage award;

(e)    the criteria for an award of punitive damages are impermissibly vague and uncertain;

(f)    the criteria for review of an award of punitive damages on appeal are impermissibly vague and uncertain; and

(g)    the jury is instructed that punitive damages are permitted to set an example to deter others and/or otherwise relate to the conduct of others or the conduct of a defendant outside the scope of this litigation, subjecting a defendant to potential for multiple penalties for the same conduct, and/or to penalties for the conduct of others.

## THIRTY-SECOND DEFENSE

Any award of punitive damages in this case would violate the separation of powers requirement by allowing courts and juries, rather than a legislature, to determine what conduct constitutes punishable conduct and the amount of punishment therefor.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims for punitive damages are barred by ALA. CODE § 6-11-20 et seq.

### THIRTY-FOURTH DEFENSE

Defendants plead ALA. CODE § 6-11-21, § 6-11-27, and all other applicable caps or limitations relating to awards of punitive damages.

### THIRTY-FIFTH DEFENSE

The Plaintiffs' claims against Defendants are barred by the doctrines of immunity, including, but not limited to, sovereign immunity, absolute immunity, qualified immunity, good faith immunity, discretionary function immunity, legislative immunity, judicial immunity, quasi-judicial immunity, substantive immunity, and statutory immunity.

### THIRTY-SIXTH DEFENSE

An award of mental anguish or emotional distress in the absence of any standards, requirements, or objective evidence for corroborating mental anguish or emotional distress makes such an award tantamount to punitive damages. Such an award in this case thus would violate the United States Constitution and the Constitution of Alabama.

### THIRTY-SEVENTH DEFENSE

An award of mental anguish damages in this case would violate due process and equal protection rights guaranteed by the United States Constitution and the Constitution of Alabama because juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

### THIRTY-EIGHTH DEFENSE

Defendants assert that they are absolutely immune from suit, including an award of compensatory and punitive damages.

### THIRTY-NINTH DEFENSE

Defendants assert and plead the privileges, qualified immunities, absolute immunities, discretionary function immunities, and good faith immunities given to governmental entities or officers or otherwise in the above-styled cause.

### FORTIETH DEFENSE

Defendants reserve the right to supplement or amend this answer as additional information responsive to the allegations of the complaint or relevant to the defenses herein become known.

### FORTY-FIRST DEFENSE

Defendants plead that Defendants' attorneys have not yet had an opportunity to complete a full investigation into all of the facts and legal issues involved in this

case. Defendants therefore hereby preserve and plead the following defenses in this case, subject to withdrawal by amendment or by pretrial order and after all legal and factual discovery has been concluded: failure to join a party under Rule 19 of the *Federal Rules of Civil Procedure*, lack of jurisdiction over the subject matter or person or matter, assumption of risk, contributory negligence, estoppel, illegality, laches, res judicata, statute of limitations, waiver, superseding and/or intervening efficient cause, lack of causal relation, lack of notice, failure to mitigate damages, subsequent negligence, sudden emergency, subsequent contributory negligence, lack of duty owed, unqualified or qualified immunity, mechanical failure, and failure to state a legal claim.

Respectfully submitted this 18th day of December, 2023.

**/s/C. Richard Hill, Jr.**
C. RICHARD HILL, JR. (HIL045)


OF COUNSEL:
Capell & Howard, P.C.
150 South Perry Street (36104)
P.O. Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8043
Facsimile:(334) 241-8243
Email:  rick.hill@chlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 18th day of December, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and have placed a copy of it in the United States Mail, postage prepaid to the following:

Robert J. Camp
WIGGINS, CHILDS, PANTAZIS, FISHER, & GOLDFARB, LLC
301 Nineteenth Street North
Birmingham, Alabama 35203
rcamp@wigginschilds.com

/s/C. Richard Hill, Jr.
OF COUNSEL